## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Ronald D. Coleman
Joel G. MacMull
MANDELBAUM SALSBURG PC
1270 Avenue of the Americas, Suite 1808
New York, NY  10020
212-776-1834
rcoleman@lawfirm.ms
jmacmull@lawfirm.ms
*Attorneys for Plaintiff*
*Spray Moret, LLC*

| | |
|---|---|
| SPRAY MORET, LLC, d/b/a SPRAYGROUND,<br><br>*Plaintiff*,<br><br>- *vs.*-<br><br>PANT SAGGING LLC, d/b/a PSD UNDERWEAR,<br><br>*Defendant*. | CIVIL ACTION NO.<br><br>1:19-cv-896<br><br>**COMPLAINT** |

Spray Moret, LLC, doing business as Sprayground ("Sprayground"), by its attorneys Mandelbaum Salsburg, P.C., as and for its Complaint against defendant Pant Saggin LLC, doing business as PSD Underwear ("PSD"), complains and alleges as follows:

## NATURE OF THE ACTION

1.      Sprayground is a global innovator in fashion backpacks and accessories. The creation of artist and visionary David Ben David, Sprayground has successfully developed its product line into luggage and duffels, outerwear, cold weather accessories, fashion keychains and Apple® device accessories and launched the patented Wing backpack. By 2018, international distribution of Sprayground merchandise had expanded to 30 countries and the brand is visible in the U.S., Asia, Europe, and South America.

2.      As a global brand involved in joint merchandising ventures with some of world's greatest brands in fashion, entertainment and consumer goods, Sprayground can boast rightfully of phenomenally high brand awareness, unusually dedicated fans, repeat customers, and a line of high-quality products that already include numerous collectible items.

3.      Sprayground's explosive growth result from its creative team's constant push at the envelope of creativity through original and proprietary designs, themes and trade dress that capture and retain consumers' excitement and imagination. These trademarks, trade dress and designs are protected in the form of common law trademarks, registered trademarks and copyrights (collectively the "Sprayground Designs"), as detailed below.

4.      Sprayground leverages the modern marketplace's increasingly short modern product, design and seasonal sales cycles in a manner that allows it to build on previous successes and to reinforce its recognizable stylistic themes and trade dress.  To do this, Sprayground reiterates, varies and echoes its own themes and designs to constantly delight and excite its growing fan base, recapture and maintain consumer attention, and strengthen the public's association with the Sprayground Designs and Sprayground as a brand.

5.      For these reasons, Sprayground protects and enforces the proprietary Sprayground Designs through trademark and copyright registration as well as through enforcement of its common law rights.

6.      Defendant, on the other hand, are what are known in the fashion industry as "knock-off artists."  They produce merchandise of inferior quality that sells at a premium by virtue of a parasitic business model that trades off of the goodwill and prestige of famous brands and original designers such as the Sprayground.  Defendant  have been sued in this District alone three times in the last three years for practices nearly identical to those described in this Complaint by owners

and creators of fashion designs and brands that have been victimized by defendant's infringement and misappropriation of their proprietary designs, intellectual property and brand equity.

7.      Defendant's "knockoff" business model leaves the expensive and risky processes of brand-building and design development to companies such as Sprayground, waiting until the best and most sought-after designs are established successes with consumers. Defendant then reproduce Sprayground's stylizations and proprietary designs in identical or confusingly similar fashion on cheap apparel sold via the Internet and in stores ("the Infringing Designs").

8.      Defendant's conduct causes consumer confusion, weakens the brand identity of the Sprayground designs and constitutes infringement of Sprayground's intellectual property rights. Accordingly, Sprayground brings this action for copyright infringement and wrongful misappropriation arising out of defendant's willful and bad faith conduct.

## PARTIES, JURISDICTION AND VENUE

9.      Plaintiff Spray Moret, LLC d/b/a Sprayground is a New York limited liability company having a primary place of business at 1411 Broadway, New York, New York and primarily doing business as "Sprayground."

10.     Sprayground is the record owner of the registered Sprayground trademarks at issue in this action and the original Sprayground works protected under and registered as copyrights, identified more specifically below.

11.     Defendant Pant Saggin LLC ("SPD") is a limited liability company organized and existing under the laws of the State of New York, with its registered office at 20 Erie Avenue Hornell, New York, and its principal place of business at 320 South Mission Road, Los Angeles, California.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over the federal claims alleged herein pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338. As to Sprayground's state and common law claims, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(b) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

13.     This Court has personal jurisdiction over defendant because defendant is a corporate citizen of the State of New York this judicial district, has otherwise purposefully availed itself of the privilege of doing business in this judicial district, has committed tortious acts within or causing damage within this judicial district, and has offered for sale, sold, distributed, imported, or shipped products (including infringing apparel) through its nationally-accessible website, and otherwise, within this judicial district. Moreover, defendant solicits and transacts substantial business in the State of New York, including in this judicial district. Accordingly, defendant has otherwise made or established contacts with this judicial district sufficient to permit the exercise of personal jurisdiction by this Court over defendant. Defendant is additionally subject to personal jurisdiction under New York Civil Practice Law and Rule § 302.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, in that a substantial part of the events and injury giving rise to Sprayground's claims have occurred, and are occurring, within this judicial district, and because defendant is subject to personal jurisdiction within this judicial district, and 28 U.S.C. § 1400 because defendant or its agents may be found in this district.

15.     This Court has jurisdiction to enter injunctive relief pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.

## FACTUAL ALLEGATIONS

**The Sprayground Designs**

16.     Sprayground has spent significant resources and money promoting, marketing, and advertising backpacks, accessories and other merchandise bearing the Sprayground Designs.

17.     Sprayground merchandise is offered for sale in numerous retail stores in every state in the United States as well as on-line retail channels, and Sprayground has had robust licensing programs and partnerships with third parties to sell Sprayground branded bags, apparel and accessories.

18.     Sprayground advertises and promotes Sprayground merchandise extensively through websites, magazines, and social media platforms such as Instagram, Twitter, and Facebook, among other platforms, and Sprayground apparel is featured in on-line advertising on www.Sprayground.com and via the websites of its retail partners.

19.     Sprayground regularly receives media coverage in mainstream publications, including the following recent articles:

- *Women's Wear Daily*: "Sprayground's David Ben-David on How to Build a Backpack Brand" (July 31, 2018)

- *Daily Mail (UK)*: "A very different kind of capsule! Second man on the moon Buzz Aldrin, 87, debuts a funky Mars-themed FASHION collection" (December 4, 2017)

- *Forbes*: "How Sprayground's Newly Developed Smart Pack Is Changing Everyday Travel" (April 27, 2017)

- *Bloomberg – The Business of Fashion*: "How Backpacks With Attitude Hooked Beyoncé, Kevin Durant, and Your Kid" (September 9, 2016)

20.     Sprayground is also involved in a wide variety of co-branding and licensing ventures and collaborations with famous brands and media enterprises such as Viacom, Marvel,

Capcom, New Balance and Cartoon Network in addition to well-known entertainers and professional athletes such as Spike Lee, Chris Brown, Ron English, Iman Shumpert, Muhammad Ali, Antonio Brown, The Game, Christina Milian, Young Thug, OBJ and Jarvis Landry.

21.    Due to the extensive use and promotion of the Sprayground Designs, Sprayground has developed substantial goodwill in the Sprayground Designs, and the Sprayground Designs are associated exclusively with the Sprayground brand.

22.    Sprayground has also registered many of the Sprayground Designs as copyrights, including but not limited to United States Copyright Registration Nos. VAu 1-325-281.

23.    This registration includes three specific designs by Sprayground that it introduced into the market in connection with and used on its various products as part of Sprayground's 2018



Back to School "Anomaly" Collection.

24.    One such design is the "Checkered Money Stack," also known as the "Money Stack" design.

25.    The Money Stack design is a highly stylized depiction of stacks of 100-dollar bills set against a "luxury check" background, shown as used by Sprayground in *Figure 1*, at left.

*Figure 1*

26.     The prime original and creative component of the Checkered Money Stack is Sprayground's juxtaposition of stacks of cash against a checkered background associated with the display of "luxury" acquisitions and conspicuous consumption.

27.     At some time following the publication of the Stacks of Cash Design by Sprayground and through the date hereof, defendant caused to be manufactured and to offer for sale, on its website and elsewhere, underwear that utilizes the Stacks of Cash design, virtually unchanged but for a somewhat closer-cropped image, under the name "Stacks and Stacks," as shown below in *Figure 2*.



*Figure 2*

28.     Defendant also offers a "youth" version of its Stacks and Stacks infringing underwear, shown at right in *Figure 3*.



*Figure 3*



29. Another copyrighted Sprayground Design infringed by PSD is the "Cash Only" design, which depicts a simulation of garish purple neon-sign lettering spelling out the words, "Cash Only" atop and below a large neon dollar sign surrounded by violet, white and green starburst, all against a black background, shown at right as Figure 4.

30. At some time following the publication of the Stacks of Cash Design by Sprayground and through the date hereof, defendant caused to be manufactured and to offer for sale, on its website and elsewhere, underwear that utilizes the Cash

*Figure 4*

Only design under the name "Cash Only," as shown below in *Figure 5*.



*Figure 5*

31.     As part of the same collection, Sprayground also introduced a design called the "Florence Money Design," as shown in *Figure 6* at right.



32.     At some time following the publication of the Florence Money Design by Sprayground and through the date hereof, defendant caused to be manufactured and to offer for sale, on its website and elsewhere, underwear that utilizes the Cash Only design under the name "Stripes," as shown below in *Figure 7*. It too is also available in a youth version.

*Figure 6*



*Figure 7*

33.     Defendant also frankly lifted, for its own use, several other copyrighted Sprayground Designs, shown in the table designated *Figure 8*, below.

| SPRAYGROUND DESIGN | PSD INFRINGING DESIGN |
|---|---|



 

*"Camo Rainbow"*
*Camouflage background with rainbow Sharkmouth design*

*"Chenille Rainbow" Camouflage background with rainbow Sharkmouth design*





*"Money Drip"*
*Piles of paper money splashed by red paint with conspicuous dripping*

*"Money Drip$"*
*Piles of paper money splashed by red paint with conspicuous dripping*



 

*"100 Bands"*
*Purple $100 currency bands with lines of violet superimposed on sideways-oriented $100 bills with yellow highlights*

*"Purple Money Bands"*
*Purple $100 currency bands with lines of violet superimposed on sideways-oriented $100 bills with yellow highlights*

*Figure 8*

34.     Defendant's infringement of an entire raft of designs from Sprayground's catalog as alleged above via its manufacture, distribution, offering for sale and sale of the "Infringing Designs") constitutes a bold and blatant attempt to create confusion and generate profit by using the Infringing Designs to mislead consumers into believing that there is an association between their infringing apparel and authentic Sprayground apparel. After examining the Sprayground product line, defendant mimicked authentic Sprayground apparel, merely substituting the confusingly similar Infringing Designs for the Sprayground Designs and creating the infringing apparel shown above.

35.     Defendant also chose names for its infringing designs that were virtually identical to the names used by Sprayground and for which consumers search on the Internet for merchandise utilizing the respective Sprayground Designs.

36.     After Sprayground learned about defendant's infringement, it gave defendant notice of its strenuous objections and multiple opportunities to stop its unauthorized use of the Infringing Designs.

37.     Despite such demand, defendant has refused to cease its infringing conduct.

38.     Defendant has demonstrated and acted with utter and total disregard for Sprayground's trademark rights in the Sprayground Designs and has profited from the association created between its infringing apparel and authentic Sprayground merchandise.

39.     Defendant is using the Infringing Designs on apparel sold in the same or overlapping channels of commerce as the backpacks and accessories offered by Sprayground in an attempt to trade on Sprayground's strong consumer recognition and goodwill.

40.     There can be no doubt defendant had knowledge of, and was very familiar with, the Sprayground Designs when it began designing, manufacturing, distributing, marketing, promoting, offering for sale, and selling the infringing apparel.

41.     Defendant certainly had knowledge of the Sprayground Designs when defendant continued to design, manufacture, distribute, market, promote, offer for sale, and sell infringing apparel after Sprayground voiced its objections.

42.     Defendant is not associated, affiliated, or connected with Sprayground in any way, nor are defendant's products licensed, authorized, sponsored, endorsed, or approved by Sprayground in any way.

43.     Defendant  has intentionally adopted and used a confusingly similar imitation of the Sprayground Designs knowing that the Infringing Designs would mislead and deceive consumers into believing that defendant's infringing apparel was produced, authorized, or licensed by Sprayground, that the infringing apparel originated from Sprayground, or that defendant's apparel shares the same quality or design as Sprayground's products.

44.     Sprayground has not authorized or approved defendant's products or the Infringing Designs.

45.     Sprayground had used the Sprayground Designs extensively and continuously long before defendant began: (i) using the Infringing Designs on apparel or (ii) designing, manufacturing, distributing, marketing, promoting, offering for sale, and selling infringing apparel bearing the Infringing Designs.

46.     Defendant began selling the apparel bearing the Infringing Designs well after Sprayground had established protectable rights in the Sprayground Designs and well after the public had come to recognize the Sprayground Designs as marks identifying Sprayground's goods.

47.     The likelihood of confusion, mistake, and deception engendered by defendant's infringement of the Sprayground Designs is causing irreparable harm to the goodwill symbolized by the Sprayground Designs and the reputation for the quality that they embody.

48.     Defendant's activities are likely to cause confusion before, during, and after the time of purchase because people viewing defendant's infringing apparel at the point of sale, or on a wearer, are likely to mistakenly attribute it to Sprayground.

49.     By causing a likelihood of confusion, mistake, and deception, defendant is competing unfairly with Sprayground and inflicting irreparable harm on the goodwill symbolized by the Sprayground Designs and the reputation for quality that they embody.

50.     Defendant knowingly, wantonly, willfully, intentionally, maliciously and in bad faith adopted and used a confusingly similar imitation of the Sprayground Designs.

## COUNT I.

### Infringement of Federally Registered Copyrights
### *17 U.S.C. §§ 106 and 501*

51.     Sprayground repeats and re-allege the allegations of the foregoing Paragraphs of this Complaint as if fully set forth herein.

52.     Defendant's infringing designs are unmistakably copied from Sprayground's designs.

53.     Defendant, by its acts as set forth above, has taken advantage of the creativity, understanding of the market and design skill of Sprayground and of the good will developed by it, and has capitalized on the market created by Sprayground for merchandise bearing the Sprayground Designs.

54.     By its use of design, color combinations and commercially indistinguishable from Sprayground's design and color combinations, defendant  has been and will be able to pass off and sell its merchandise as a substitute for merchandise made or authorized by Sprayground bearing the Sprayground Designs.

55.     By copying and offering for sale their copies of the Sprayground Designs at the very same time the Sprayground is selling merchandise bearing the original design, defendant  has

created and taken advantage of confusion of the design in the trade, and in the public mind, to its profit and to Sprayground's damage.

56.     The above-alleged acts of defendant  in publishing, distributing, manufacturing, causing to be manufactured, offering for sale, or selling copies of the copyright-protected Sprayground Designs constitutes inequitable conduct, unfair trade practices and unfair competition, in that defendant has thus misappropriated plaintiff's good will and the benefits of plaintiff's skill and expenditures in the development and promotion of the distinctive design for a variety of merchandise, and have thereby caused irreparable injury to Sprayground in that Sprayground's market for sale has been or may be reduced, which injury will continue so long as defendant  continues to make unauthorized use of, offer for sale and sell merchandise bearing the copied Sprayground Designs.

57.     By its infringement of the Sprayground Designs, defendant is taking a free ride on the reputation and goodwill that Sprayground has rightfully earned through its substantial investment of skill, time, effort, and money.

58.     Defendant's willful and malicious actions have injured Sprayground, as well as the public, and will continue to do so, unless permanently enjoined by this Court.

### COUNT II.
### Federal Unfair Competition and False Designation of Origin
### *15 U.S.C. § 1125(a)*

59.     Sprayground repeats and re-allege the allegations of the foregoing Paragraphs of this Complaint as if fully set forth herein.

60.     Defendant's unauthorized use of colorable imitations of the Sprayground Designs and its use of them on apparel that so closely resembles Sprayground's merchandise is likely to cause confusion, to cause mistake, and to deceive the public as to the origin, source, sponsorship, approval, or affiliation of defendant's products.

61.    Such conduct therefore constitutes a false designation of origin, a false description, and false representation of fact, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

62.    Defendant's actions demonstrate a gross, wanton, and willful intent to trade on the goodwill associated with the Sprayground Designs and Sprayground Sharkmouth Marks, causing Sprayground irreparable injury.

63.    As a direct and proximate result of defendant's unlawful conduct, as herein alleged, Sprayground has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to their business, reputation, and customer goodwill, for which Sprayground has no adequate remedy at law.

64.    Moreover, defendant's conduct will cause Sprayground to lose sales to which it otherwise would be entitled, unless and until such activity is enjoined by this Court.

65.    Defendant's conduct is causing, and is likely to continue to cause, injury to the public and to Sprayground, and Sprayground is entitled to injunctive relief and to recover Sprayground's actual damages or an award of defendant's profits, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.

66.    Due to defendant's intentional, willful and deliberate activities, any such damages or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

**COUNT III.**

**Trademark Infringement and
Unfair Competition under Common Law**

67.    Sprayground repeats and re-allege the allegations of the foregoing Paragraphs of this Complaint as if fully set forth herein.

68.     Sprayground owns all rights, title to, and interest in the Sprayground Designs and all common law rights in such trade dress and trademarks including all variations of its Sharkmouth mark and design.

69.     By imitating the Sprayground Designs and marks in bad faith to sell its own products, defendant  has infringed and is infringing them and has made, and is making, false representations that defendant's products originate from, or are offered, sponsored, authorized, licensed by, or otherwise somehow connected with Sprayground, when such is not the case.

70.     As a result of defendant's conduct, the public is likely to believe that defendant's products have been manufactured or approved by Sprayground or that defendant's products share the same quality or design as Sprayground's products.

71.     Defendant's conduct, as alleged herein, constitutes trademark infringement and unfair competition, in violation of the common law of the State of New York and other states where defendant offers its infringing apparel.

72.     Defendant's conduct is likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether defendant's products originate from, or are affiliated with, sponsored by, or endorsed by Sprayground.

73.     As a direct and proximate result of defendant's unlawful conduct, as herein alleged, Sprayground has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to their business, reputation, and customer goodwill.

74.     Moreover, defendant's conduct will cause Sprayground to lose sales to which it otherwise would be entitled, unless and until such activity is enjoined by this Court.

75.     Defendant's willful and deliberate conduct is causing, and is likely to continue to cause, injury to the public and to Sprayground, and Sprayground is entitled to injunctive relief and

to recover Sprayground's actual damages or an award of defendant's profits, costs, and reasonable attorneys' fees.

76.     Due to defendant's intentional and willful use of their Infringing Designs which are confusingly similar to the Sprayground Designs and marks, and the need to deter defendant from similar conduct, Sprayground is also entitled to punitive damages.

## COUNT IV.
### Wrongful Misappropriation under Common Law

77.     Sprayground repeats and re-allege the allegations of the foregoing Paragraphs of this Complaint as if fully set forth herein.

78.     Defendant's conduct, as alleged above, constitutes a wrongful misappropriation of the labors, skills, expenditures, or good will of Sprayground.

79.     Defendant's committed the acts alleged above in bad faith.

80.     Defendant's conduct, as alleged herein, constitutes unfair competition through wrongful misappropriation, in violation of the common law of the State of New York and other states where defendant offers its infringing apparel.

81.     As a direct and proximate result of defendant's unlawful conduct, as herein alleged, Sprayground has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to their business, reputation, and customer goodwill. Moreover, defendant's conduct will cause Sprayground to lose sales to which it otherwise would be entitled, unless and until such activity is enjoined by this Court.

82.     Defendant's willful and deliberate conduct is causing, and is likely to continue to cause, injury to the public and to Sprayground, and Sprayground is entitled to injunctive relief and to recover Sprayground's actual damages or an award of defendant's profits, costs, and reasonable attorneys' fees.

83.     Due to defendant's intentional and willful use of their Infringing Designs and marks which are confusingly similar to the Sprayground Designs and marks and the need to deter defendant from similar conduct, Sprayground is also entitled to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** Sprayground pray the Court as follows:

1.  That an injunction be issued enjoining defendant, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by defendant, and all those in active concert and participation with defendant, and each of them who receives notice directly or otherwise of such injunction from:

    i)        importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any products bearing the Infringing Designs or other colorable imitations of the Sprayground Designs and marks, and any other products bearing marks, works or Designs that tend to deceive, mislead, or confuse the public into believing that defendant's products in any way originate with, are sanctioned by, or are affiliated with Sprayground;

    ii)       imitating, copying, or making unauthorized use of the Sprayground Designs, works and marks;

    iii)      importing, exporting, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Sprayground Designs and marks;

    iv)       using the Sprayground Designs and marks, or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, in connection with the importation,

18

promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to Sprayground or to any goods sold, manufactured, sponsored, approved by or connected with Sprayground;

v)      using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, distributed or sold by defendant  is in any manner associated or connected with Sprayground, or is sold, manufactured, licensed, sponsored, approved or authorized by Sprayground;

vi)      engaging in any other activity constituting unfair competition with Sprayground or constituting infringement of the Sprayground Designs, copyrights and marks;

vii)      taking any action, including through the use of the Sprayground Designs or marks, or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, that dilutes the unique association between Sprayground and their marks, or that tarnishes the reputation or image of Sprayground;

viii)      disposing of, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any physical evidence or documents (including computer records) of any kind, including invoices, correspondence, books of account, receipts, or other documentation relating or referring in any manner to the manufacture, advertising, receipt, acquisition, importation, purchase, sale, offer for sale, or distribution of any merchandise bearing the Sprayground Designs or marks, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, including but not limited to the Infringing Designs; and

ix)      instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (viii) above;

2. Directing that defendant make available to Sprayground for review, inspection, and copying all books, records (including all hard drives on computers used for business purposes, including servers, as well as all computer disks and back up disks) and other documents and things concerning all transactions relating to the purchase or sale of any products bearing the Sprayground Designs, works or marks, or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, including but not limited to the Infringing Designs;

3. Directing that defendant deliver to Sprayground's counsel for destruction at defendant's cost, all signs, products, packaging, promotional material, advertising material, catalogs, and any other item that bears, contains or incorporates the Sprayground Designs, works or marks, or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, including but not limited to the Infringing Designs;

4. Directing that defendant recall from all distributors, retailers, or other recipients, any and all products bearing the Sprayground Designs, works or marks, or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, including but not limited to the Infringing Designs, and, upon recall, to deliver such goods up to Sprayground's counsel for destruction at defendant's cost;

5. Requiring defendant to account for, and pay over to, Sprayground all the profits realized by defendant  from their infringement of the Sprayground Designs or marks and its unfair competition with Sprayground, trebled pursuant to 15 U.S.C. § 1117(a);

6.  Awarding Sprayground its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) arising out of defendant's acts of willful trademark infringement and unfair competition;

7.  Awarding Sprayground its actual damages and defendant's wrongful profits or, alternatively, statutory damages pursuant to 17 U.S.C. § 504;

8.  Awarding Sprayground interest, including pre-judgment interest, on the foregoing sums;

9.  Awarding Sprayground its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 17 U.S.C. § 1203(b) and 15 U.S.C. § 1117(a);

10. Awarding Sprayground exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate;

11. Directing that defendant file with the Court and serve upon Sprayground's counsel within thirty (30) days after entry of judgment written report under oath setting forth in detail the manner and form in which defendant has complied with the above; and

12. Awarding Sprayground such other and further relief as the Court may deem just and proper.

MANDELBAUM SALSBURG PC

By: _____
     Ronald D. Coleman

Joel G. MacMull
1270 Avenue of the Americas – Suite 1808
New York, NY  10020
rcoleman@lawfirm.ms
jmacmull@lawfirm.ms
212-776-1834

Dated:  January 29, 2018