# MINTZ & GOLD LLP
### ATTORNEYS AT LAW

STEVEN W. GOLD
STEVEN G. MINTZ*
ALAN KATZ
JEFFREY D. POLLACK*
ELLIOT G. SAGOR
IRA LEE SORKIN
STEVEN A. SAMIDE
SCOTT A. KLEIN
TERENCE W. MCCORMICK
ROBERT B. LACHENAUER
ROGER L. STAVIS
CHARLES A. ROSS**
KEVIN W. GOERING
KEVIN M. BROWN
ALEXANDER H. GARDNER
HEATH LORING
PETER GUIRGUIS
TIMOTHY H. WOLF**
ANDREW R. GOTTESMAN
ROBIN C. FRIED
RYAN W. LAWLER*
ADAM D. FRIEDLAND
MARIA EVA GARCIA*
GABRIEL ALTMAN
ABBYE L. LAWRENCE
ANDREW E. STECKLER
MICHAEL G. MEYERS

*ALSO ADMITTED IN NEW JERSEY
**ALSO ADMITTED IN FLORIDA

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231

www.mintzandgold.com

*SENIOR COUNSEL*
JACK A. HORN
NOREEN E. COSGROVE
MATTHEW S. SEMINARA
TIMOTHY J. QUILL, JR.
JULIA B. MILNE

*OF COUNSEL*
HONORABLE VITO J. TITONE *(dec.)*
  (NY State Court of Appeals 1985-1998)
HARVEY J. HOROWITZ *(dec.)*
HONORABLE HOWARD MILLER
  (NY Appellate Div. 1999-2010 [ret.])
AMIT SONDHI*
ERIC M. KUTNER
NEAL M. GOLDMAN
ANDREW P. NAPOLITANO*

*ADMITTED TO PRACTICE ONLY BEFORE ALL COURTS IN NEW JERSEY AND ALL FEDERAL COURTS IN NEW YORK CITY

March 29, 2019

Via ECF

Hon. Katherine Polk Failla
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

      Re: *Spray Moret LLC d/b/a Sprayground v. Pant Sagging LLC d/b/a/PSD Underwear*, Case No. 19-cv-00896-KPF—Request for Pre-Motion Conference—Corrected Letter

Dear Judge Failla:

      We are the attorneys for the Defendant ("PSD Underwear"). We respectfully request a Pre-Motion Conference pursuant to Rule 4.A of Your Honor's Individual Practices. Defendant's counsel has not consented to this request.

      This is a copyright and trademark infringement case. The Complaint (ECF 1) was filed on January 29, 2019. PSD Underwear's offices are in California and Defendant's principals were not aware of the case until late last week. I was retained as lead counsel on Friday, March 22 and contacted Plaintiff's counsel that day. He agreed to extend PSD's time to respond for one week only (until today). He said if I wanted more time I would have to ask the Court. I sent him a short email

**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

The Honorable Katherine Polk Failla
March 29, 2019
Page 2 of 3

confirming our conversation.

We addressed a number of topics during a March 25 telephone conversation. I brought to Mr. MacMull's attention paragraphs 6 and 7 of the complaint (set forth below) and asked him about the basis for them. He said he didn't know, that his partner (presumably Mr. Coleman) had drafted the complaint and that, if there were errors, he would correct them. He added that this was "the least of his worries." I assumed he meant that he would look into it and promptly file an amended complaint which would extend our client's time to respond beyond March 29. I asked him to provide me with copies of any relevant copyright and trademark registrations because I had been unable to locate them on the copyright office website. He agreed to do so and asked me to follow up with an email telling him exactly what we needed. I promptly did so.

I waited until Wednesday to contact Mr. MacMull to ask about my requests. He said he was too busy to talk and would respond to my email. I suggested it might make sense to continue our discussions and extend our time to answer for an additional week while we did so. I didn't hear back and, yesterday morning, I received a short email simply stating, "As I mentioned to you last week when you first asked, I'm giving you until tomorrow to respond to the Complaint.....Should you fail to respond to the Complaint by tomorrow, you do so at your own peril." Yesterday the court granted the extension he had agreed to. (ECF 14).

This request for a pre-motion conference seems like a waste of time. I suspect that plaintiff will now amend the Complaint which will extend our time to answer by an additional 21 days under FRCP 12. If not, we will file motions to dismiss and to strike under FRCP 12.

The Complaint demands unspecified compensatory and punitive damages and an injunction. After describing the plaintiff in glowing terms, the complaint says the following:

> 6. Defendant, on the other hand, are (sic) what are known in the fashion industry as "knock off artists." They produce merchandise of inferior quality that sells at a premium by virtue of a parasitic business model that trades off of the goodwill and prestige of famous brands and original designers such as the Sprayground. Defendant have (sic) been sued in this District alone three times in the last three years for practices nearly identical to those described in this Complaint by owners and creators of fashion designs and brands that have been victimized by defendant's infringement and misappropriation of their proprietary designs, intellectual property and brand equity.

> 7. Defendant's "knockoff" business model leaves the expensive and risky processes of brand-building and design development to companies such as Sprayground, waiting until the best and most sought-after designs are established successes with consumers. Defendant then reproduce (sic) Sprayground's stylizations and proprietary designs in identical or confusingly similar fashion on cheap apparel sold via the Internet and in stores ("the Infringing Designs").

These paragraphs are scandalous, defamatory and appear to be completely false. We are informed and believe that PSD Underwear has never been sued for infringement or anything else in any jurisdiction, much less "three times in the last three years" in the Southern District. If defense counsel has any basis for saying these things, now's the time to tell us and the Court. These two paragraphs (and many others) appear verbatim in at least two other complaints recently filed in this court by this same Plaintiff and its same counsel. *Spray Moret v. Reason Brand*, No. 19-cv-01180-PGG (SDNY);

**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

The Honorable Katherine Polk Failla
March 29, 2019
Page 3 of 3

*Spray Moret, LLC v. Hudson Outerwear*, No. 1:18-cv-09920-JPO. One might infer that they were just "cut and pasted" from those complaints (without correcting the verb tenses).

FRCP 12(b)(6) requires the court to examine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Ashcroft v. Iqb*al, 556 U.S. 662, 678 (2009). Rule 8(a) requires at least fair notice of the grounds upon which the claims rest. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The complaint here fails both standards.

The Complaint asserts two Federal law claims and two pendant state law claims. It does not identify which state law applies. The first claim is for Federal copyright infringement. It refers to only one copyright registration (VAu 1-325-281). We have been unable to locate a copy of that registration online and plaintiff's counsel has not yet provided it to us. It is not clear from paragraphs 23 and 24 of the Complaint precisely which design is covered by that registration and which of the allegedly infringing designs violates it. Paragraph 29 of the Complaint refers to "another copyrighted Sprayground design" but does not even allege it is registered. Unless that copyright has been properly registered, of course, plaintiff cannot bring a claim based on it under a very recent, unanimous Supreme Court decision. *See Fourth Estate v. Wall Street.com*, No. 17-571 (U.S. 3/4/19).[1]

Count Two of the Complaint alleges a violation of section 43 (a) of the Federal Lanham Act. We are continuing to investigate that claim because we believe the Court may be able to take judicial notice of other designs showing that the plaintiff in this case does not have any valid trademark or other protectable interest in any of its designs and because of the lack of any conceivable confusion. We will elaborate in our moving papers.

Counts 3-4 allege common law unfair competition and "misappropriation." In the event the court dismisses the federal claims, it should also dismiss the state law claims without prejudice. These claims don't even identify which state law Plaintiff believes was violated. We may identify other defects in them as well.

In view of the above, the Court should schedule a Pre-Motion Conference. We thank the Court for its consideration of this request.

Respectfully submitted,

/s/ Kevin W. Goering

Kevin W. Goering (KG-5859)

CC: All Counsel (via ECF)

---

[1] The Complaint is insufficient in other respects. Paragraphs 51 through 58 do not properly allege the elements of a copyright claim. Instead, the Complaint refers to conduct causing confusion in the marketplace. Plainly, some or all of the copyright claims should be dismissed, albeit perhaps with leave to replead.